# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NARDIN JACOB, et al.,<br><br>　　　　　　Defendants. | 1:07cv1259 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Document 15) |

Plaintiff Allstate Insurance Company ("Allstate") filed the instant motion for default judgment on January 29, 2008. The motion was heard on February 29, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brandon Fish appeared on behalf of Allstate. Defendants Nardin Jacob and Janet Jacob ("Defendants") did not appear. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL AND FACTUAL BACKGROUND**

Allstate filed this action for declaratory relief (28 U.S.C. § 2201(a)) on August 30, 2007. Allstate names Defendants Nardin and Janet Jacob ("Defendants"). Allstate seeks a declaration that the Deluxe Homeowners Policy No. 099811015 issued by Allstate to Nardin Jacob does not provide coverage for the liability or potential liability of Nardin Jacob for any damages or injuries resulting from the death of Martin Jacob and that the Allstate policy does not require Allstate to defend or indemnify Nardin Jacob or to pay for any judgment obtained by Janet Jacob

1

either individually or as a representative of the Estate of Martin Jacob, or to pay any medical payments arising out of the injuries to or death of Martin Jacob.  Allstate also seeks costs of suit.

Allstate filed the instant motion for default judgment on January 29, 2008.  Defendants were served with the motion but have failed to respond or otherwise communicate with the Court.

## DISCUSSION

Allstate moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true."  Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

According to the complaint, Allstate issued the homeowners policy to Nardin Jacob insuring a residence located at 261 Dels Lane in Turlock, California. Allstate contends Nardin lived at the residence with his brother, Martin Jacob. On December 8, 2006, a fire occurred at the residence and Martin Jacob sustained fatal injuries. Janet Jacob tendered a claim to Allstate for benefits under the policy.

Allstate contends the policy does not provide coverage for the liability or potential liability of Nardin for injuries to or the death of Martin Jacob because any claims against him for the wrongful death of Martin or related medical or funeral expenses are excluded from coverage. Allstate contends Martin is an "insured person" and the policy excludes coverage for "bodily injury" to an "insured person." Allstate therefore contends there is no duty to defend or indemnify Nardin for any claims arising out of the injuries or death of Martin Jacob nor is there any duty on the part of Allstate to provide indemnity.

The "insured person" exclusion is a valid exclusion under California law. *See Safeco Ins. Co. v. Parks*, 122 Cal.App.4th 779 (2000); *Mitroff v. United Services Auto. Assn.*, 72 Cal.App. 4th 1230 (1999).

Defendants were served with the complaint on September 23, 2007. The Clerk entered default on December 28, 2007. Counsel for Allstate indicates that he had telephone conversations with Janet Jacob regarding this action on December 27, 2007 and January 7, 2008. Fish Dec. ¶ 7. He advised her that Allstate intended to request the Court enter a default judgment against her and Nardin Jacob. *Id.* Ms. Jacob indicated to counsel that she did not intend to defend herself against the allegations in the Complaint. *Id.* Counsel indicates that Nardin Jacob has not otherwise contacted Allstate. Fish Dec. ¶ 8.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. App., p.1.

Having read and considered the declarations, pleadings and exhibits to the present motion, including the policy at issue, the Court finds that Allstate is entitled to the declaration requested, as well as costs of suit.

1 **RECOMMENDATION**

2    For the reasons discussed above, the Court RECOMMENDS to:

3    1.   GRANT Allstate's motion for default judgment in favor of Allstate and against
4         Defendants;
5    2.   Enter judgment declaring that the Deluxe Homeowners Policy No. 099811015
6         issued by Allstate to Nardin Jacob does not provide coverage for the liability or
7         potential liability of Nardin Jacob for any damages or injuries resulting from the
8         death of Martin Jacob and that the Allstate policy does not require Allstate to
9         defend or indemnify Nardin Jacob or to pay for any judgment obtained by Janet
10        Jacob either individually or as a representative of the Estate of Martin Jacob, or to
11        pay any medical payments arising out of the injuries to or death of Martin Jacob;
12        and
13   4.   AWARD costs incurred in this suit to Allstate.

14    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger,
15 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
16 and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern
17 District of California.  Within thirty (30) days after being served with a copy, any party may file
18 written objections with the court and serve a copy on all parties.  Such a document should be
19 captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will
20 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
21 advised that failure to file objections within the specified time may waive the right to appeal the
22 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    IT IS SO ORDERED.

24    Dated:   **March 3, 2008**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE